**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DEMETRIUS MINOR, | : | |
| Plaintiff, | : | Civil Action No. 17-3741 (MAS) (TJB) |
| v. | : | **OPINION** |
| STEVEN JOHNSON, et al., | : | |
| Defendants. | : | |

**SHIPP, District Judge**

Plaintiff is proceeding pro se with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl., ECF No. 25.) Presently before the Court is a Motion to Dismiss the Amended Complaint filed by Defendants Malanie Burak, Richard Dafazio, Ralphael Dolce, Cynthia Johnson, Sgt. Paterson, Gary Samosuk, and Linda Santoro (collectively, the "Corrections Defendants"). (Defs.' Mot. to Dismiss, ECF No. 32.)[1] Plaintiff opposes the motion. (Pl.'s Opp. Br., ECF No. 36.) For the reasons set forth herein, the Motion will be granted, and the Amended Complaint will be dismissed without prejudice.

## I. BACKGROUND

On May 15, 2017, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Pl.'s Compl., ECF No. 1.)[2] The complaint was permitted to proceed. (Order, Sept. 5, 2017, ECF

---

[1] Defendant Dafazio's name is spelled differently throughout Plaintiff's Amended Complaint and Defendants' Motion to Dismiss. (Pl.'s Am. Compl., ECF No. 25; Defs.' Mot. to Dismiss, ECF No. 32.) For consistency, the Court will utilize the spelling "Dafazio."

[2] Plaintiff's proof of service is dated May 15, 2017. (Proof of Service, ECF No. 1-2 at 1.) Plaintiff's complaint was received and docketed by the Court on May 25, 2017. (*Id.*)

No. 7.) In November 2017, however, Plaintiff filed a motion to voluntarily dismiss the complaint, stating that he had become "unable to litigate" the matter. (Pl.'s Mot. to Voluntarily Dismiss, ECF No. 18.) On November 27, 2017, the Court granted Plaintiff's motion, dismissed the complaint without prejudice, and permitted Plaintiff sixty (60) days to refile. (Order, Nov. 27, 2017, ECF No. 20.)

Over one year later, on December 10, 2018, Plaintiff filed a motion to reopen his case and amend his complaint. (Pl.'s Mot. to Reopen, ECF No. 22.) In his motion, Plaintiff stated that he had previously been suffering from mental health issues and was unable to "maintain focus" to litigate his case. (*Id.* at 3.) He also stated that at the time he voluntarily dismissed his case, he had been litigating another matter against the New Jersey Department of Corrections. (*Id.*) His attorney had allegedly advised him that the two cases contained "some issues [that] were related" and indicated that having both cases pending would "prevent a settlement from happening." (*Id.*) Thus, Plaintiff chose to voluntarily dismiss the instant case. However, in October 2018 Plaintiff discovered that he could still proceed with the instant matter as long as he amended his complaint to remove any "overlapping" claims. (*Id.* at 4.) Thereafter, Plaintiff filed the motion to reopen. (*Id.*) The Court granted Plaintiff's motion on March 13, 2019. (Order, Mar. 13, 2019, ECF No. 24.)

On April 17, 2019, Plaintiff filed an Amended Complaint, naming Steven Johnson, Timothy Maines, Cynthia Johnson, Robert Chetirkin, Linda Santoro, George Robinson, Ralpheal Dolce, Tina Cortes, Sgt. Paterson, Gary Samosuk, Richard Dafazio, Francine Stromberg, Melanie Burak, Davin Borg, and John and Jane Does 1-30 as Defendants. (Pl.'s Am. Compl., ECF No. 25

at 1–2.)³ The Amended Complaint raised numerous claims stemming from incidents which occurred in 2015 through April of 2016. (*See generally id.*) The Court permitted the complaint to proceed past screening pursuant to 28 U.S.C. §1915. (Order, Sept. 3, 2019, ECF No. 28.) On October 24, 2019, the Corrections Defendants filed the present Motion to Dismiss the Amended Complaint. (Defs.' Mot. to Dismiss, ECF No. 32.) Plaintiff filed opposition, and Defendants thereafter filed a reply. (Pl.'s Opp. Br., ECF No. 36; Defs.' Reply, ECF No. 38.)

## II. STANDARDS OF REVIEW

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted). A district court must conduct a three-part analysis when considering a Rule 12(b)(6) motion to dismiss. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.* Third, the court must accept as true all of the plaintiff's well-pleaded factual allegations, "construe the complaint in the light must favorable to plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). In other words, the court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible

---

³ Although not listed in the caption of his Amended Complaint, Plaintiff also appears to name Jessica Smith and John Falvey as Defendants. (Pl.'s Am. Compl., ECF No. 5 at 3.)

3

claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

#### A. Timeliness

The Corrections Defendants argue that Plaintiff's claims are time-barred and his Amended Complaint must, therefore, be dismissed. (Defs.' Br. in Supp., ECF No. 32-1 at 16.) Defendants contend that although Plaintiff's original complaint in May 2017 was timely filed, his Amended Complaint falls outside the two-year statute of limitations. (*Id.* at 17–22.)

The statute of limitations for a § 1983 claim is governed by "the applicable state's statute of limitations for personal-injury claims." *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). For § 1983 claims that arise out of the State of New Jersey, the statute of limitations is two (2) years. *See id.* Generally, the statute of limitations "is not tolled by the filing of a complaint [that is] subsequently dismissed without prejudice, as the original complaint is treated as if it never existed." *Moore v. Middlesex Cty. Prosecutors Office*, 738 F. App'x 100, 104 (3d Cir. 2018) (quoting *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005)). The exception to this rule, however, is where the complaint is dismissed without prejudice along with "an order containing conditions for reinstatement within a specified time period." *See id.* (quoting *Brennan*, 407 F.3d at 607). If the plaintiff refiles the complaint within the provided time period, then the statute of limitations is tolled, so long as the plaintiff meets the conditions specified in the order. *See id.*

Here, when the Court granted Plaintiff's motion to voluntarily dismiss his complaint, the order provided that Plaintiff may refile his complaint within sixty (60) days. (Order, Nov. 27, 2017, ECF No. 20.) Plaintiff did not, however, file a motion to reopen and amend his complaint

4

until over one (1) year later. Thus, the statute of limitations was not tolled by the filing of Plaintiff's original complaint and the original complaint is treated as if it never existed. *See Moore*, 738 F. App'x at 104. The timeliness of Plaintiff's claims must therefore be determined from Plaintiff's Amended Complaint. *See Brown v. Union Cty. Jail*, No. 14-3955, 2018 WL 2411607, at *3 (D.N.J. May 29, 2018). The Amended Complaint raises claims which occurred in 2015 and, most recently, in April 2016. (*See generally* Pl.'s Am. Compl., ECF No. 25.) Plaintiff's motion to reopen and amend his complaint, dated December 10, 2018, is well beyond two (2) years after Plaintiff's alleged claims occurred. Therefore, the claims in Plaintiff's Amended Complaint appear to be time-barred.

### B. Equitable Tolling

Plaintiff argues, however, that he is entitled to equitable tolling. (Pl.'s Opp. Br., ECF No. 36.) First, Plaintiff asserts he is entitled to equitable tolling because at the time he dismissed his original complaint, he suffered from mental health issues, including panic attacks, anxiety, and headaches. (*Id.* at 3–4.) He states that he received advice from a mental health clinician to "take a break [from] things to avoid[] going back into mental deteriations [sic]." (*Id.* at 3.) As a result, Plaintiff "closed" all of his pending cases, with the exception of one matter in which he was represented by counsel. (*Id.*) Second, Plaintiff also contends he is entitled to equitable tolling because his attorney advised him that his original complaint contained claims which were "related" to another lawsuit Plaintiff was litigating and having both cases pending would "prevent a settlement [from] happening." (Pl.'s Mot. to Reopen, ECF No. 22 at 3.) Plaintiff submits that it was not until October 2018 that he discovered he could proceed with the instant case as long as he removed any "overlapping" claims. (*Id.* at 3–4.)

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09–1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009) (internal citations omitted). Equitable tolling, however, is only warranted under extraordinary circumstances that would have prevented a litigant from a timely filing. *See Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Ross*, 712 F.3d at 803 (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

i.  *Mental Health*

With respect to Plaintiff's argument regarding his mental health, "the general federal rule is that a statute of limitations is tolled by reason of mental illness [only] if the illness in fact prevents the sufferer from managing his affairs and from understanding his legal rights and acting upon them." *Harper v. D'Llio*, Civ. No. 14-5800, 2014 WL 6611389, at *2 (D.N.J. Nov. 21, 2014) (quoting *Graham v. Kyler*, Civ. No. 01-1997, 2002 WL 32149019, at *3 (E.D. Pa. Oct. 31, 2002)) (alterations in original). "[M]ental incompetence is not *per se* a reason to toll the statute of

6

limitations in federal actions." *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000) (citing *Barren by Barren v. United States*, 839 F.2d 987 (3d Cir. 1988)). "For tolling to be appropriate, 'the alleged mental incompetence must somehow have affected the petitioner's ability to file' a timely action." *Champney v. Sec'y Pennsylvania Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir. 2012) (quoting *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001)); *see also Lee v. Overton*, Civ. No. 10-4283, 2013 WL 159528, at *4 (E.D. Pa. Jan. 15, 2013) ("The Third Circuit has only permitted equitable tolling for mental disability where, 'the plaintiff's mental incompetence motivated, to some degree, the injury that he sought to remedy.'" (quoting *Lake*, 232 F.3d at 371)). The Third Circuit has provided the following factors to consider when determining whether mental health warrants equitable tolling:

> (1) [whether] the petitioner [was] adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; (2) [whether] the petitioner [was] institutionalized for his mental impairment; (3) [whether] the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and (4) [whether] the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications.

*Champney*, 469 F. App'x at 118 (internal quotation marks and citations omitted) (alterations in original).

Similarly, under New Jersey Law, a plaintiff is required to demonstrate that his mental condition prevented him from understanding his legal rights or bringing a cause of action. *See St. Claire v. New Jersey Dep't of Corr.*, No. A-0075-15T2, 2017 WL 85564, at *2 (N.J. Super. Ct. App. Div. Jan 6, 2017).

Here, there is no evidence that Plaintiff has ever been adjudicated incompetent or institutionalized for his mental health. Rather, Plaintiff only provides that he has suffered panic attacks, anxiety, and headaches, and that he received advice from a mental health clinician that he

should "take a break [from] things to avoid[] going back into mental deteriations [sic]." (Pl.'s Opp'n Br., ECF No. 36 at 3.) Although Plaintiff states summarily that he was "unable to litigate this complaint" due to his "mental health issues," he does not state *how* his mental health condition prevented him from filing a timely complaint. (*Id.* at 6–8.) Moreover, during the limitations period at issue, Plaintiff continued to litigate another case before the New Jersey Superior Court, Appellate Division. (Defs.' Reply Br. Ex. A, ECF No. 38-2.) Plaintiff submitted a twenty-two (22) page pro se brief to the Appellate Division on December 10, 2017, less than one month after he voluntarily moved to dismiss the instant matter because he was "unable to litigate the case." (*Id.*) Additionally, Plaintiff has not provided any extrinsic evidence regarding his mental health condition. (*See generally* Pl.'s Opp'n Br., ECF No. 36.) He provides only a bare allegation that his mental health affected his ability to litigate his case. (*Id.* at 6–8.) Given the totality of the circumstances, Plaintiff has not demonstrated that his mental health constitutes extraordinary circumstances that would warrant equitable tolling.

### ii. *Advice from Counsel*

To the extent Plaintiff argues he received ill-informed advice from his attorney in another case, generally, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Rascoe v. Cody*, 763 F. App'x 228, 232 (3d Cir. 2019) (quoting *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)). However, an attorney's misconduct "that goes beyond garden variety neglect can constitute extraordinary circumstances, such as where an attorney affirmatively lies about taking actions he never took, or abandons his client or makes many misstatements of law[.]" *Id.* at 232–233 (internal quotation marks and citations omitted). Even where an attorney errs, a plaintiff must still demonstrate that he diligently pursued his claims. *See Santo ex rel. Beato v. United States*,

8

559 F.3d 189, 197 (3d Cir. 2009) ("[A] plaintiff will not receive the benefit of equitable tolling unless [he] exercised due diligence in pursuing and preserving her claim."); *cf. Ross*, 712 F.3d at 800 ("We have recognized that in some cases an attorney's malfeasance, when combined with reasonable diligence on the part of the petitioner in pursuit of his rights, may warrant equitable tolling of the statute of limitations.").

Here, Plaintiff alleges that his attorney advised him that the original complaint contained claims that were "related" to another case and might hinder a potential settlement. (Pl.'s Mot. to Reopen, ECF No. 22 at 3; Pl.'s Opp'n Br., ECF No. 36 at 3.) Plaintiff submits that it was not until October 2018 that he began to research the instant case and discovered that he could continue to litigate the matter as long as he amended it to remove any "related" claims. (Pl.'s Mot. to Reopen, ECF No. 22 at 4.) These particular allegations do not present extraordinary circumstances which would entitle Plaintiff to equitable tolling. Plaintiff has not demonstrated that his attorney's alleged advice was anything more than potential error or inadequate research. Plaintiff does not contend that his attorney affirmatively lied about actions he took, abandoned Plaintiff, or even made misstatements of law. *See Rascoe*, 763 F. App'x at 232. Moreover, Plaintiff has not demonstrated that he diligently pursued his claim. After Plaintiff voluntarily dismissed his case, he waited almost an entire year before researching his case and determining whether he could continue to litigate it. (Pl.'s Mot. to Reopen, ECF No. 22 at 4.) Accordingly, Plaintiff has not demonstrated that he is entitled to equitable tolling based upon his attorney's alleged advice.

### C. Leave to Amend

Although Plaintiff does not argue this point, it is possible that he may be entitled to tolling for the period during which he exhausted his administrative remedies. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) (holding that the statute of limitations on a § 1983 claim

may be tolled during the pendency of administrative appeals). At present, Plaintiff's complaint does not provide sufficient information for the Court to determine whether he is entitled to tolling for the time during which he was exhausting his administrative remedies. *See Kelly v. Lanigan*, Civ. No. 14-3165, 2015 WL 5164871, at *5 (D.N.J. Sept. 2, 2015). Plaintiff references the fact that he filed grievances regarding his § 1983 claims, however, he does not indicate when he filed the grievances or when he received decisions on those complaints. (*See generally* Pl.'s Am. Compl., ECF No. 25 at 11–59.) Therefore, since Plaintiff may be entitled to delayed accrual of his claims, the Court will dismiss Plaintiff's Amended Complaint without prejudice and provide him with forty-five (45) days to file a motion for leave to amend. *See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (holding that courts must provide plaintiffs in civil rights actions the opportunity to file an amended complaint "unless doing so would be inequitable or futile.") Plaintiff's motion must provide the dates during which his administrative remedies were pending.

## IV. CONCLUSION

For these reasons, the State Defendants' Motion to Dismiss is GRANTED and the Complaint will be dismissed without prejudice. Plaintiff shall file any motion for leave to amend his complaint within forty-five (45) days of this Opinion and the accompanying Order. An appropriate Order follows.

*[signature]*

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: 5/27/ 2020